adopted here. The insolvency of the bail,* is certainly not a sufficient ground to induce us to make such an order; and a copy of the affirmation, respecting the defendant's circumstances, has never been served on him; of that, therefore, we can take no notice.† But, let it be understood, we do not mean to say, that had it been otherwise, we would have granted the motion.

Rule refused.

*See *Gillespie* ads. *Pfister and M'Comb,* ante, p. 120.

†*Card* ads. *Fitzroy and ors.* ante, p. 69. See also *Grove* ads. *Campbell,* ante, p 115. that supplementary affidavits to rebut those in answer, cannot be received.

*James W. Gilbert* v. *James C. Brazier.*

PER CURIAM. The question is, whether the sheriff is entitled to fees on levying a fine. The statute directing the mode of making the levy, declares it shall be done without fee or reward. The fee-bill gives a fee; but does not say by whom it shall be paid. We all know how it has been : the fee has been charged by the sheriff, in his accounts. This, we think, is the regular practice; for it cannot be demanded from the person who has had to pay the fine.

*L. and N. Vandyck* v. *Van Beuren and Vosburg.*

PER CURIAM. Wherever a case is made, with liberty to turn it into a special verdict, execution must stay, of course, till the next term after the decision is given, that, if either party be dissatisfied, there may be time to make up the special verdict.

x